In re DUSENBERY et al.

(Supreme Court, Appellate Division, Second Department. June 9, 1905.)

PARTNERSHIP—MEMBERS OF FIRM—EVIDENCE—COMPETENCY.

On an issue as to whether a decedent was the sole owner of a business carried on under a firm style which embraced her own name and that of a sister, it was error to refuse to permit a witness who did business with the alleged firm to testify as to what persons constituted the firm, whether it was composed of more than one member of decedent's family, and whether decedent was a member of the firm.

Appeal from Surrogate's Court, Kings County.

Petition by Henry Dusenbery and others, as creditors of Teresa Cody, deceased, for the sale of real property for the payment of deceased's debts. From a decree dismissing the petition, petitioners appeal. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Charles D. Ridgway, for appellants.

Granville Whittlesey, for respondents Rigney & Co.

PER CURIAM. The petitioners appear to have established all the facts necessary to entitle them to a decree for the sale of the decedent's real property for the payment of her debts, provided their claim and the other claims against the estate represented debts of Teresa Cody individually. The learned surrogate, however, dismissed the proceedings because all the claims were against a firm by the name of T. & L. Cody. In her will the decedent empowered her executors to continue the business "which I have heretofore carried on with my said sister Lilian L. Cody under the firm name of T. & L. Cody." This sister testified in the proceeding to the effect that she was not a member of the firm of T. & L. Cody, and was never in business with her deceased sister, and that her deceased sister was doing business before her death under the firm name of T. & L. Cody. We gather from the opinion of the learned surrogate that, while he regarded this testimony as sufficient to negative any conclusion that Lilian L. Cody was a member of the firm, he did not deem it enough to establish that the decedent was the sole owner doing business under a copartnership name. "The petitioner," he said, "should conclusively establish that the credit given the firm of T. & L. Cody was in fact only given to Teresa Cody, and that she was the sole owner of the business." We should have been inclined to think that the testimony of Lilian L. Cody, of itself, being uncontradicted, would justify a finding that the decedent did business individually under the firm name. Assuming, however, that something more was required, the record shows that additional evidence on this subject was offered, but excluded by the learned surrogate. Thus a witness called on behalf of the petitioner, who testified that he did business with the firm of T. & L. Cody, was not allowed to answer a question as to what persons constituted that firm, or as to whether the firm was com-

posed of more than one member of the Cody family, or whether Teresa Cody in her lifetime was a member of such a firm. These questions were objected to as incompetent and immaterial, but no objection was made to their form. They were plainly designed to elicit proof to the effect that the business was the individual business of the decedent, and it appears quite clear that such proof should have been received, in the view of the case expressed by the learned surrogate himself in his opinion. As it seems very likely that evidence of this character might change the result, we think the decree should be reversed, and the proceeding remitted to the Surrogate's Court for a further hearing.

Decree reversed, and proceeding remitted to the Surrogate's Court of Kings county for a further hearing in accordance with opinion per curiam; costs of this appeal to abide the result in that court.